UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONDRE LAVON WALKER,

                Petitioner,                Case No. 1:10-cv-1267

v.                                        Honorable Robert Holmes Bell

CINDI S. CURTIN,

                Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Leondre Lavon Walker presently is incarcerated at the Oaks Correctional Facility. Following a jury trial, he was convicted of assault with intent to murder, MICH. COMP. LAWS § 750.83, being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On December 6, 2007, the Wayne County Circuit Court sentenced him on the respective convictions to prison terms of 30 to 60 years, 2 to 5 years, and 2 years.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising a single issue: the evidence was insufficient to establish that Petitioner possessed the specific intent necessary to convict him of assault with intent to murder. In an unpublished opinion issued May 12, 2009, the court of appeals rejected the claim and affirmed the conviction. Petitioner sought leave to appeal to the Michigan Supreme Court. The supreme court denied leave to appeal on September 28, 2009 and denied Petitioner's motion for reconsideration on December 21, 2009.

The instant habeas application was filed on or about December 17, 2010.[1] In his habeas application, Petitioner does not argue that the evidence was constitutionally insufficient to support his conviction for assault with intent to murder. Instead, he argues that the finding of a specific intent to murder was against the great weight of the evidence and that appellate counsel was ineffective for failing to raise a claim challenging the weight of the evidence.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on December 17, 2010, and it was received by the Court on December 20, 2010. Thus, it must have been handed to prison officials for mailing at some time between December 17 and 20. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

**Discussion**

I.     Lack of Exhaustion

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner squarely acknowledges that, on appeal, counsel failed to raise Petitioner's claim that the verdict was against the great weight of the evidence. In addition, Petitioner never presented his claim of ineffective assistance of appellate counsel to any Michigan court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion.

However, an "application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the

State. Because Petitioner's claim is patently without merit, the Court will address the issue without first requiring exhaustion.

　　　　II.　　　Merits

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). However, where a state court clearly did not address the merits of a claim, a federal court conducts *de novo* review. *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

　　　　Petitioner argues that his conviction for assault with intent to murder was against the great weight of the evidence because he shot the victim in the arm and the thigh, indicating an intent to wound, not kill, the victim. Under Michigan law, a new trial may be granted when the evidence

preponderates so heavily against the verdict that a serious miscarriage of justice would result if the verdict is allowed to stand. *See People v. Lemmon*, 576 N.W.2d 129, 134 (Mich. 1998); *see also* MICH. COMP. LAWS § 770.1 (authorizing a trial judge to grant a new trial when it appears that justice has not been done); MICH. CT. R. 6.431(B) (permitting the grant of new trial for, among other reasons, a belief that the verdict has resulted in a miscarriage of justice).

To the extent that Petitioner raises an independent claim that his conviction was against the great weight of the evidence, the claim is not cognizable in a federal habeas proceeding. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). Therefore, Petitioner's state-law claim is not a basis for habeas relief. Moreover, the Supreme Court has never recognized a prisoner's constitutional right to a new trial because the verdict was against the great weight of the evidence. Petitioner's argument concerning the weight of the evidence therefore fails to raise a meritorious federal claim.

Although his independent claim about the weight of the evidence state-law claim is not cognizable in this proceeding, Petitioner's ineffective-assistance-of-counsel claim is the proper subject of a habeas application. A claim that defense counsel was ineffective in failing to raise a claim under state law presents a question of constitutional dimension. *See Goff v. Bagley*, 601 F.3d 445, 464-65 (6th Cir. 2010) (holding that a habeas petitioner may raise a claim of ineffective assistance of counsel based on a failure to comply with state law).

The standard for reviewing a claim of ineffective assistance of counsel is well established. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court set forth a two-prong test by which to evaluate claims of ineffective assistance of counsel. Under the *Strickland* standard, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have

in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.* at 289.

Petitioner fails to make the necessary showing. Under Michigan law, to convict a defendant of assault with intent to murder, the prosecutor must prove the following three elements: (1) an assault, (2) with an actual intent to kill, and (3) which, if successful, would make the killing murder. (5/12/09 Mich. Ct. App. Op. (MCOA Op.), at 1, Page ID #39 (citing *People v. Hoffman*, 570 N.W.2d 146, 150 (Mich. Ct. App. 1997)).) The specific intent necessary to find an assault with intent to murder may be proved by circumstantial evidence and reasonable inferences arising from the evidence, including:

> "the nature of the defendant's acts constituting the assault; the temper or disposition of mind with which they were apparently performed, whether the instrument and means used were naturally adapted to produce death, his conduct and declarations prior to, at the time, and after the assault, and all other circumstances calculated to throw light upon the intention with which the assault was made."

*People v. Taylor*, 422 Mich. 554, 567; 375 NW2d 1 (1985) (quoting *Roberts v. People*, 19 Mich. 401, 416 (1870)).

Petitioner contends that the evidence strongly weighs against the jury's finding that he had the specific intent to murder. Petitioner, however, does not dispute the evidence recited by the Michigan Court of Appeals:

> In the present case, the evidence viewed in a light most favorable to the prosecutor reveals defendant approached Joseph Carver and fired three shots from an assault weapon at close range. Carver owed defendant money from a prior drug

purchase and defendant demanded the money. Defendant ascertained the location of
Carver's truck and arranged a drug transaction with Carver's friend. Carver drove
to the meeting and parked. Defendant pulled up, exited his vehicle with an assault
weapon and approached Carver's truck. After asking Carver for the money he was
owed, defendant shot Carver without even waiting for Carver to finish answering the
question about the money. After defendant shot and injured Carver the first time,
defendant fired two more shots at Carver while he lay injured and defenseless on the
ground. Carver suffered serious, life threatening injuries. Defendant's argument that
he did not intend to kill Carver as evidenced by his decision not to shoot Carver in
the head or chest is meritless. Defendant may have had the option to more swiftly
kill Carver, but this does not negate that the facts of the case viewed favorably to the
prosecution fully support a finding of intent to kill beyond a reasonable doubt. See
e.g. *People v Davis*, 216 Mich App 47; 549 NW2d 1 (1996) (There was sufficient
evidence to convict the defendant of assault with intent to murder because 'the
defendant pointed a pistol at [] [the victim], warned him not to come any closer or
he would kill him, and pulled the trigger several times (but no bullets fired)."); 
*People v Hollis*, 140 Mich App 589, 592-93; 366 NW2d 29 (1985) (Their was
sufficient evidence to convit the defendant of the offense of assault with intent to
murder because the defendant knew that aiming a handgun at someone and firing that
gun had the "great possibility that that person may be killed.").

(5/12/09 MCOA Op., at 2, Page ID #40.)

It is apparent that counsel was faced with undisputed evidence that Petitioner approached the victim's vehicle with an assault weapon and promptly shot the victim three times at close range, twice after the man was lying on the ground and defenseless. In the face of that evidence, counsel made a strategic decision to challenge the legal sufficiency, rather than the weight, of the evidence. He argued that, because the evidence showed that Petitioner's shots initially struck the victim only in his appendages,[2] despite the fact that they were fired from close range, the only reasonable inference was that Petitioner did not intend to kill.

---

[2] According to the facts recited in his brief on appeal, which was attached to Petitioner's habeas application, one shot struck the victim in the forearm and then penetrated the victim's abdomen. The other two shots struck the victim in the thigh. The shots to the thigh severed the femoral artery and the femoral vein, and the victim nearly bled to death. (Pet., Ex. at 8-10, Page ID ##30-33.)

-8-

Counsel's decision to challenge only the legal sufficiency of the evidence was entirely reasonable. If a jury was legally permitted to infer an intent to kill from the fact that Petitioner shot the victim three times at point-blank range, critically injuring him in the arm and thigh, it is clear that a challenge to the weight of the evidence would fail because the evidence that Petitioner committed the acts was overwhelming. Moreover, as the Michigan Court of Appeals reasonably determined, that evidence is not lessened by Petitioner's self-serving suggestion that, had he intended to kill, he would have hit the victim in the body.

In sum, Petitioner fails entirely to demonstrate that the state-law issue was even colorable, much less that it was "clearly stronger than" the issue of constitutional sufficiency. *Smith*, 528 U.S. at 289. *See Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) ( "'[A]ppellate counsel cannot be ineffective for a failure to raise an issue that lacks merit.'") (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). *See also Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010). As a consequence, Petitioner fails to show that counsel's performance fell below an objective standard of reasonableness. In addition, given the state-court's description of the strength of the evidence against him, Petitioner cannot show that the failure to raise the issue would have had an effect on the court's decision. Because he fails to meet either prong of the *Strickland* standard, his claim of ineffective assistance of appellate counsel is without merit.[3]

---

[3] Petitioner has not claimed in his habeas petition that the evidence was constitutionally insufficient. However, even had Petitioner challenged the sufficiency of the evidence, his petition would be denied. A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The Michigan Court of Appeals correctly identified the constitutional standard, and its analysis constituted a reasonable application of that standard. *See* 28 U.S.C. § 2254(d).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: January 5, 2011                     /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE